# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GRACE C. STEPHENSON JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> MILWAUKEE COUNTY SHERIFFS and MILWAUKEE POLICE DEPARTMENT, <br><br> Defendants. | Case No. 17-CV-942-JPS <br><br><br> **ORDER** |

Plaintiff, Grace C. Stephenson Johnson, filed this action on July 11, 2017 against Children's Hospital of Wisconsin, Milwaukee County Sheriffs, and Milwaukee County Police. (Docket #1). According to Plaintiff, the hospital did not allow her to visit her daughter on July 4, 2017. She was then arrested by sheriff's deputies, searched, and detained for several hours. Thereafter, she was taken to the police station and touched inappropriately while being searched by Milwaukee police officers.

Magistrate Judge David E. Jones, to whom the case was formerly assigned, screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and allowed her to proceed on her claims against the individual sheriff's deputies and police officers. (Docket #4). However, Magistrate Jones dismissed Children's Hospital of Wisconsin as a defendant, finding that the hospital was not a state actor as required by 42 U.S.C. § 1983 and that federal jurisdiction over the hospital was otherwise lacking. Magistrate Jones further determined that supplemental jurisdiction over Plaintiff's state-law claim against Children's Hospital was not warranted. He explained that she

could, if she chose, file an amended complaint attempting to plead facts supporting the exercise of supplemental jurisdiction.

Plaintiff did indeed file an amended complaint on July 25, 2017. (Docket #7). The amended complaint named four defendants: "Children's Hospital of Wisconsin," "Security Staff," "Nursing Staff," and "Social Workers." *Id.* The allegations contained in the amended complaint only slightly expanded upon the allegations contained in the original complaint. *See* (Docket #9 at 2). Critically, the amended complaint did not cure the fatal defect contained in her original complaint; namely, that Children's Hospital (and its security staff, nurses, and social workers) is not a state actor and cannot be sued under Section 1983. *Id.* Magistrate Jones concluded that the allegations in the amended complaint "do not give rise to a federal claim against the defendants named in her amended complaint." *Id.* Furthermore, the amended allegations did not alter the magistrate's previous determination that supplemental jurisdiction is not warranted over any claims implicating the hospital. *Id.* Thus, Magistrate Jones determined that the most equitable course of action would be to strike the amended complaint and reinstate her original complaint, as only the original complaint pleaded viable causes of action—that is, her claims against the individual sheriff's deputies and police officers involved in the July 4 incident. *Id.* at 3.

Despite the gratuity afforded her by Magistrate Jones, Plaintiff has again attempted to file an amended complaint which names only Children's Hospital of Wisconsin and its staff as defendants. (Docket #10).[1]

---

[1]After she filed this second attempt at an amended complaint, Defendants were served with the original complaint. (Docket #11). Counsel entered on their

For the reasons previously given by Judge Jones, there are no viable claims to be made against those parties in this Court. In particular, while Plaintiff emphasizes in this latest amended complaint that hospital staff treated her unprofessionally, such a claim (which could only arise under state law) has no factual relationship to the claims against the sheriff's deputies and police officers. As a result, the Court cannot exercise supplemental jurisdiction over the claim. *See* 28 U.S.C. § 1367(a).

In light of her *pro se* status, the Court will not dismiss her case out of hand. Instead, she will be given one more chance to proceed, but first she must clarify her intentions. If Plaintiff wants to proceed on claims against the hospital and its staff, she must assert those claims in state court. If, on the other hand, she wishes to continue prosecuting this action against the sheriff's deputies and police officers, she may do so. To clarify her goals, the Court will direct Plaintiff to file a letter no later than **September 25, 2017** that states whether she wants to proceed in this matter against the sheriff's deputies and police officers. If she does, the case will continue and the Court will issue a scheduling order. If she states that she wants to proceed against the hospital or its staff, or if she does not file the required letter, the case will be dismissed.

Accordingly,

**IT IS ORDERED** that Plaintiff shall file a letter no later than **September 25, 2017** that states whether she wants to proceed in this matter against the sheriff's deputies and police officers. Failure to file this letter will result in dismissal of this action without further notice. Civ. L. R. 41(c).

---

behalf and refused to consent to Judge Jones' jurisdiction, (Docket #13), which led to the case being reassigned to this branch of the Court.

Dated at Milwaukee, Wisconsin, this 13th day of September, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge