# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GRACE C. STEPHENSON JOHNSON,<br><br>               Plaintiff,<br>v.<br><br>CHILDREN'S HOSPITAL OF WISCONSIN,<br><br>               Defendant. | Case No. 17-CV-942-JPS<br><br>ORDER |

      This case has had a tortuous procedural history that has been described in several prior orders. Because the case has finally come to the point of dismissal, the Court will recite that history again in detail.

      Plaintiff, Grace C. Stephenson Johnson, filed this action on July 11, 2017 against Children's Hospital of Wisconsin, Milwaukee County Sheriffs, and Milwaukee County Police. (Docket #1). The Court explained at the outset that she cannot proceed in this federal action against the hospital or any of its staff, as they are not state actors and the exercise of federal jurisdiction is otherwise inappropriate. (Docket #4 at 4–5). She nevertheless filed an amended complaint in which she attempted to revive her claims against the hospital. (Docket #7). The Court noted that the amended complaint did not cure any of the fatal jurisdictional defects it identified, and it therefore struck the complaint and permitted Plaintiff to continue pursuing her claims against law enforcement. (Docket #9 at 2–3).

      She persisted, however, and filed yet another amended complaint, this time naming only the hospital and its staff. (Docket #10). This Court again informed her that claims against those defendants would have to be

pursued, if at all, in state court. (Docket #15 at 2–3). The Court ordered her to notify it whether she wanted to proceed on her claims against the law enforcement officers. *Id.* The Court further warned her that if she elected to proceed against the hospital, her case would be dismissed. *Id.* at 3.

She responded that she wished to proceed against the officers, (Docket #18), and so the Court struck her latest attempt at amending her complaint and directed service to proceed against the law enforcement Defendants, (Docket #19). The Court observed as well that "Plaintiff appears to still harbor some anger toward the hospital and its staff, but she is reminded that the hospital is not a party to this case, it cannot become one, and the Court will not entertain any future attempt to drag the hospital back into this litigation." *Id.* at 1.

Despite an unending series of clear instructions and second chances, Plaintiff has now filed yet another amended complaint asserting claims only against the hospital. (Docket #20). In the complaint, she does not even attempt to identify a federal claim or other basis for federal jurisdiction. *Id.* at 1–3. She simply asks the Court to "investigate" alleged misconduct by hospital employees who she says treated her unkindly. *Id.* at 3.

But a failure of professionalism does not give rise to a federal case, and so the Court lacks subject-matter jurisdiction over whatever sort of claim Plaintiff is attempting to make. Having again chosen to pursue claims over which this Court has no jurisdiction, the Court is forced to conclude that Plaintiff will not reform her approach as the Court has urged. All that remains is to follow through on its earlier warning and dismiss this case without leave to amend. Civ. L. R. 41(c); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006).

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED** for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge